**Alan J. Baratz, Esq.**
**Attorney I.D. No: 031451982**
**WEINER LAW GROUP LLP**
**629 Parsippany Road**
**P.O. Box 438**
**Parsippany, New Jersey 07054-0438**
**Phone:   (973) 403-1100      Fax: (973) 403-0010**
**Attorneys for defendant, Township of Parsippany – Troy Hills**
**Our File No: 88961**
2388844v1  88961 notice of removal ajb 7-25-2022

| | |
|---|---|
| AJACO TOWING, A New Jersey Corporation, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION – MORRIS COUNTY |
| Plaintiff | DOCKET NO: MRS-L-1155-22 |
| v. | Civil Action |
| TOWNSHIP OF PARSIPPANY-TROY HILLS, | **NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT** |
| Defendant. | |

**PLEASE TAKE NOTICE** that defendant, Township of Parsippany – Troy Hills, hereby files Notice of Removal of the above-captioned matter to the United States District Court for the District of New Jersey, Newark Division, from the Superior Court of New Jersey, Law Division, Morris County where the action is now pending, pursuant to 28 U.S.C.§1446 and states:

1.     The Township of Parsippany – Troy Hills is named as the only defendant in the above-captioned matter.

2.     This civil action was commenced in the Superior Court of New Jersey, Law Division, Morris County on July 6, 2022 under Docket No. MRS-L-1155-22.

3.     All of the following support the propriety of the action being removed to the United States District Court and proceeding in the United States District Court:

a.     In the First Count of plaintiff's Complaint, specifically in paragraph 8 thereof, it is asserted that the plaintiff's removal from the Tow Service Rotation at issue was improper in part because the statements made by plaintiff's employee allegedly prompting its removal from the Township's Tow Service Rotation constituted free speech "protected by the First Amendment to the United States Constitution";

b.     The United States District Court has original jurisdiction under the provisions of 28 U.S.C. §1331 because plaintiff's claim as referenced above raises issues under federal law; and

c.     28 U.S.C. §1441 permits removal by defendant to the United States District Court.

4.     Thirty (30) days have not elapsed since service of process on the defendant. The Summons directed to the Township of Parsippany – Troy Hills was served with a copy of plaintiff's Complaint on the Township of Parsippany – Troy Hills on July 7, 2022.

5.     A copy of the Summons directed to the Township of Parsippany – Troy Hills dated July 7, 2022 and a copy of plaintiff's Complaint are attached to the within Notice of Removal in accordance with 28 U.S.C. §1446.

6.     Concurrent with the filing of this Notice of Removal, defendant is providing written notice to all parties, and to the Clerk of the Superior Court of New Jersey, Law Division, Morris County pursuant to 28 U.S.C. §1446.

**WHEREFORE**, defendant, Township of Parsippany – Troy Hills requests that the subject action be removed to the United States District Court, and proceed in the United States District Court.

Respectfully submitted,

WEINER LAW GROUP LLP
Attorneys for defendant,
Township of Parsippany – Troy Hills

By: _____
Alan J. Baratz
A Member of the Firm

Dated: 7/26/22

Print Form    Clear Form

## SUMMONS

| | |
|---|---|
| Attorney(s) | Alan R. Ackerman, Esq. |
| Office Address | Law Offices of Alan R. Ackerman |
| | 1719 Route 10 East, Suite 104 |
| Town, State, Zip Code | Parsippany, New Jersey 07054 |
| Telephone Number | (973) 898-1177 |
| Attorney(s) for Plaintiff | AJACO Towing, Inc. |

AJACO TOWING, INC., a New Jersey Corporation,

Plaintiff(s)

Vs.
TOWNSHIP OF PARSIPPANY-TROY HILLS

Defendant(s)

**Superior Court of
New Jersey**

Morris                      COUNTY

LAW                         DIVISION

Docket No:   MRS-L-1155-22

**CIVIL ACTION
SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The complaint attached to this summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it.  (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.)  If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971.  A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529).  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

                                                  /s/ Michelle M. Smith
                                                  Clerk of the Superior Court

DATED:           07/07/2022

Name of Defendant to Be Served:    Township of Parsippany-Troy Hills

Address of Defendant to Be Served:    1001 Parsippany Blvd., #1277, Parsippany, New Jersey 07054

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

*LAW OFFICES OF ALAN R. ACKERMAN*
Attorney ID No. 010221974
1719 Route 10 East, Suite 104
Parsippany, New Jersey 07054
(973) 898-1177
Attorneys for Plaintiff, AJACO Towing, Inc.

| | | |
|---|---|---|
| AJACO TOWING, INC., A New Jersey Corporation, | : | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MORRIS COUNTY |
| | : | |
| | : | Docket No.: |
| Plaintiff, | : | |
| | : | Civil Action |
| v. | : | |
| | : | **COMPLAINT WITH** |
| TOWNSHIP OF PARSIPPANY-TROY HILLS, | : | **JURY DEMAND** |
| | : | |
| Defendant. | : | |

Plaintiff, AJACO Towing, Inc. (hereinafter "AJACO") by way of Complaint against the Defendant, Township of Parsippany-Troy Hills (hereinafter "Defendant) says:

## FIRST COUNT

1.     Plaintiff, AJACO is a New Jersey Corporation with an address of 1029 Edwards, Road, Parsippany, New Jersey 07054. AJACO, which, among other business services, was authorized by the Defendant, pursuant to Chapter 385-1, et seq. of the Parsippany-Troy Hills Ordinances to tow all vehicles, including, but not limited to, automobiles, box trucks, tractor trailers, and other light and heavy-duty vehicles which regularly traverse the streets and highways of New Jersey.

2.     Defendant is a political subdivision of the State of New Jersey within the meaning of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq.

3.     For Several years, AJACO has been an approved entity to participate in Defendant's Tow Service Rotation list pursuant to Chapter 385-1, et seq. of the Parsippany-Troy Hills Ordinances. Prior to August 16, 2021, AJACO was never reprimanded, nor suspended from said Towing Service Rotation as

set forth in Ch. 385-9.

4.      On or about August 16, 2021, Barry Ellenwood, the owner of a vehicle previously involved in an accident and lawfully towed to AJACO's facility, arrived to pick up his vehicle. Ellenwood was advised of the cost due and owing to remove his vehicle as a result of the tow and storage. He objected to the payment due and owing and became verbally abusive. Thereafter, Ellenwood left the premises.

5.      Later that day, Ellenwood reappeared with two Parsippany-Troy Hills Township Police Officers and, again, demanded the release of his vehicle. AJACO stated that the vehicle would be released upon payment of the amount due and owing.

6.      Ellenwood then secretly began taping its ongoing conversations with various representatives and employees of AJACO, became abusive and obstreperous, mouthing insults to various AJACO employees. The Parsippany-Troy Hills Police Officers failed to properly exercise their duty to maintain the peace and decorum during the ensuing argument, opting instead to look at their cell phones or ignore the argument. As a result of the failure of the Parsippany-Troy Hills Police to control the argument, Ellenwood began to taunt the AJACO representatives.

7.      At one point, Barry Ellenwood made a gesture toward AJACO employees, forming the shape of a gun with his hand, while continuing to insult the AJACO employees. In response, one representative of AJACO responded by uttering a racially insensitive statement toward Ellenwood, who continued to video the conversation on his cell phone.

8.      The statement made by the AJACO representative is protected by the First Amendment to the United States Constitution and constitutes free speech.

9.      Eventually Ellenwood paid the tow fee to AJACO and removed his vehicle.

10.      Immediately thereafter, Ellenwood posted a video of the encounter on the Internet, making it appear that he was an innocent victim of a racially insensitive statement uttered by AJACO's representative. The carefully edited video omitted the precipitating remarks and attacks by Ellenwood

which preceded the statement by AJACO's representative.

11.     On or about August 17, 2021, the Morris County Prosecutor's Office, which investigated the incident at AJACO's premises, found that the circumstances surrounding the incident at AJACO's property did not rise to a level of a bias incident, and reused to file any charges.

12.     Thereafter, without prior notice to AJACO to ascertain the nature of the aforementioned disagreement, on August 18, 2021, Parsippany-Troy Hills Acting Chief Richard Pantina, notified AJACO in writing that it was ". . . immediately removed from the Tow Service Rotation. . .", which suspension was indefinite pending an investigation.

13.     The indefinite suspension by Parsippany-Troy Hills Acting Chief of Police Pantina, violated Parsippany-Troy Hills Chapter 385-9, which authorizes the Chief of Police to suspend a towing operator for a period up to 30 days for failure to comply with any section of Chapter 385-1, et seq. The Suspension Notice did not state a specific reason for the suspension.

14.     Upon information and belief, the Suspension Notice authored by Chief Pantina was written at the direct instructions by then-Mayor, Michael A. Soriano, who, at the time, was running for re-election, was behind in all polling, and was looking for a scapegoat to boost his sagging campaign.

15.     Furthermore, Chapter 385-10 sets forth and governs the limits of any suspension from the Tow Service Rotation to a maximum fine of $250.00 and suspension from the Rotational Duty List for one month for a first offense.

16.     The aforementioned Chapter 385-10C specifically designates the Police Department as the exclusive enforcement agency for violations of Chapter 385-1, et seq.

17.     Despite the knowledge that the Morris County Prosecutor's Office determined that the statement made by AJACO's representative was not a bias-related statement, The Township of Parsippany-Troy Hills released a media statement specifically stating that the AJACO statement was a racially motivated bias incident.

18.     Thereafter, the incident was reported in several local and regional newspapers and

television stations throughout the Greater New York area, including, but not limited to, NBC New York, The Daily Record, Newsweek Magazine, and The Parsippany Focus.

19. The deliberate misinformation promulgated and distributed by the Parsippany-Troy Hills Township Media Statement claiming that the incident was racially motivated, created negative feelings and emotions toward AJACO. Both the entity and its owners were deluged with unwarranted complaints of racial bias, threats against their families, and threats of physical harm.

20. Although the suspension imposed by Chief Pantina is subject to Appeal to the Township Council, AJACO representatives appeared at a September 4, 2021 Township of Parsippany-Troy Hills Open Council Meeting and advised that it was appealing the decision of the Chief of Police to suspend it from the Tow Service Rotation List. The right to appeal is set forth at Paragraph 9 of the Towing/Wrecker Service Application.

21. At the meeting, then-Mayor Soriano immediately responded stating that there would be no Appeal. The actions of the Mayor and Township council denied AJACO its substantive rights to due process for a hearing on all of the facts. Since that date, and despite further demands for a hearing, AJACO has received no hearing on its Appeal.

22. As a result of the negative press and the media statement distributed by Parsippany-Troy Hills Township, AJACO lost many customers who regularly utilized AJACO's services to tow their automobiles and trucks. The deliberate dissemination of the false media statement by Parsippany resulted in substantial business losses to AJACO.

23. Thereafter, on November 16, 2021, AJACO again attempted to Appeal the decision removing it from the Tow Service Rotation. The Parsippany-Troy Hills Police Department refused to meet with AJACO's representatives despite prior assurances that Parsippany-Troy Hills Police Sergeant Ailara would meet with AJACO's representatives. The refusal to hear AJACO's Appeal, constitutes an ongoing violation of Chapter 385-1, et seq.

24. On December 9, 2021, Parsippany-Troy Hills Detective George Tsimpedes completed his

investigation of this incident and exonerated AJACO from any wrongdoing. The Report concluded,

> "In conclusion, after looking at the surveillance footage and reports associated with this case, it was determined that Mr. Ellenwood was instigating and looking for an argument. Vincent Cleffi was very friendly and respectful toward Mr. Ellenwood and was provoked. Mr. Cleffi calling Mr. Ellenwood, "nigger" was not a biased crime. I consider the case closed. If further information or evidence arises, I will reopen the case."

A copy of the Police Report is annexed as **Exhibit "A"**.

25.     Despite the exoneration of AJACO as set forth in the preceding paragraph, the Township of Parsippany-Troy Hills refused to terminate the suspension, which then lasted for in excess of 100 days, and continues to this day.

26.     Thereafter, on November 21, 2021, AJACO field a Tort Claim Notice with Township of Parsippany-Troy Hills. A copy of the Tort Claim Notice setting forth all of AJACO's claims is annexed as **Exhibit "B"** and is incorporated herein by reference.

27.     As a result of the actions of Defendant, Township of Parsippany-Troy Hills, Plaintiff, AJACO Towing, Inc., has sustained monetary damages.

**WHEREFORE**, Plaintiff, AJACO Towing, Inc., demands judgment against the Defendant, Township of Parsippany-Troy Hills, for compensatory damages, punitive damages, pre-judgment interest, attorney's fees, costs of suit, and for such other and further relief as this Court deems equitable and just.

## SECOND COUNT

28.     Plaintiff restates all of the allegations contained in the First Count of the Complaint as if the same were set forth at length herein.

29.     The deliberate media posting by Parsippany-Troy Hills Township, falsely accusing AJACO of creating a bias incident and accusing it of being racist was posted with malice and was a deliberate attempt to boost the campaign of former Mayor Michael A. Soriano by targeting AJACO as a

racist business.

30.     The aforementioned media posting constituted a deliberate attempt to libel and slander AJACO.

31.     Despite demand, the Township of Parsippany-Troy Hills neglected, failed, and refused to remove its negative media statements about AJACO, and refused to retract the statements, or offer an apology to AJACO.

32.     As a result of the false and deliberate defamatory statements made by Defendant, Township of Parsippany-Troy Hills, which it published, without retraction, Plaintiff has been injured in its good name, reputation, and credit, and has been brought into public disgrace and infamy amongst its neighbors, business relationships, and community, both within and around the Parsippany-Troy Hills area.

33.     As an example of the injuries suffered by AJACO, its Contract with Penske Trucking to tow Penske's vehicles which had been damaged or involved in accidents, was immediately terminated. This is but one example of many cancelled contracts and business losses that have occurred.

34.     The Media Statement issued by Defendant, Township of Parsippany-Troy Hills, containing the aforementioned scandalous allegations, was disseminated without taking the necessary steps to ascertain the truth or falsity of the allegations.

35.     Defendant's failure to retract the scandalous allegations after notice of its falsity and demands for retraction, caused Plaintiff to suffer further damages.

36.     Defendant's conduct towards Plaintiff constitutes the Tort of Outrage or infliction of emotional harm, resulting in great damage to Plaintiff.

37.     The damages suffered by Plaintiff's reputation and good name has caused it to suffer loss of income, substantial pain and suffering, and emotional distress.

**WHEREFORE**, Plaintiff, AJACO Towing, Inc., demands judgment against the Defendant, Township of Parsippany-Troy Hills, for compensatory damages, punitive damages, pre-judgment

interest, attorney's fees, costs of suit, and for such other and further relief as this Court deems equitable and just.

LAW OFFICES OF ALAN R. ACKERMAN
Attorneys for Plaintiff

Dated:   July 1, 2022                     BY: _____
                                               ALAN R. ACKERMAN, ESQ.

## JURY DEMAND

Plaintiff demands a trial by jury.

## TRIAL DESIGNATION

Pursuant to R.4:25-4, Alan R. Ackerman, Esq. is hereby designated as trial attorney.

## CERTIFICATION PERSUANT TO R. 4:5-1

I hereby certify that the matter in controversy is not the subject of any other action pending in any other Court or of any pending arbitration proceeding, that no other action or arbitration proceeding is contemplated and that I know of no other party who should be joined in this action.

I certify that the foregoing statements made by me are true.   If any of the foregoing statements made by me are willfully false, I am subject to punishment.

LAW OFFICES OF ALAN R. ACKERMAN
Attorneys for Plaintiff

Dated:   July 1, 2022                     BY: _____
                                               ALAN R. ACKERMAN, ESQ.

# Exhibit A

On 8/17/21, I responded to the desk to speak to a Jason Cleffi owner of Ajaco Towing located at 1029 South Edwards Road, Parsippany New Jersey in regards to threatening messages in nature that were posted on an individual's account. Upon speaking with Jason, regarding the current events that took place he advised that the police had been to his business regarding an incident involving his brother Vincent Cleffi and a Barry Ellenwood regarding a dispute over payment on 8/16/21 see IR 21-15088. Jason then proceeded to show me the Instagram account of an individual that goes by **"mr_str8money"** later identified as the individual, that his brother Vincent had an argument with on 8/16/21. Jason Cleffi was concerned with the postings that were found on Instagram account **"mr_str8money"**. Jason Cleffi found the postings to be threatening in nature and alarming. The Instagram account, from reviewing the information reported belonged to a Barry Ellenwood. Barry was the individual that contacted police on 8/16/21 to report an issue with his brother Vincent. I then reviewed the postings from Barry's Instagram account and observed the followings postings.

I then observed the following quotes that were located on his Instagram account. The one post screenshots Ajaco Towing's Instagram page and adds "count ya days!!!" on the bottom of screenshot (see below screenshot of post)



In addition, I further observed another Instagram post that he screenshots his brother Vincent's Facebook page and inserts "this the guy that called me all types of NIGGERS!!Don't worry I'm bout to throw you a party!!"



After reviewing the photos above and other screenshots provided in initial report, I contacted Mr. Ellenwood.  Mr. Ellenwood was advised of circumstances of the call and seemed confused why I was

calling him in regards to the posts and not investigating him being called a "nigger" on 8/16/2021. I further advised Mr. Ellenwood that someone would follow up with him shortly regarding his case and that I was unaware of what had transpired on that day. I then proceeded to advise Mr. Ellenwood that his posting appeared to be alarming in nature. I asked Mr. Ellenwood if he was expressing himself on social media specifically Instagram. Mr. Ellenwood acknowledged that he was not threatening anyone and that he was posting since its his freedom of speech and not threatening anyone. Mr. Ellenwood was advised that he is allowed to post, but to refrain from posting anything that is threatening in nature and promotes violence regarding Ajaco Towing, Vincent Cleffi, and Jason Cleffi. I then advised Jason that Mr. Ellenwood was advised of the current events and to refrain from posting stories on his Instagram account that promote threats/violence.   Jason was advised on how to go about signing complaints and advised to file a report with the police department if the conduct continues.

On 8/17/21 I continued to monitor Mr. Ellenwood's account for any other alarming posts. I then observed on Mr. Ellenwood's Instagram account a full video of the incident that occurred on 8/16/21 and observed Vincent Cleffi yell obscenities to Mr. Ellenwood.  During the back-and-forth exchange between both parties, Vincent was specifically shouting to Mr. Ellenwood "Stick it up your ass", "pull the racial card", "suck my dick how's that," "I can say what I want, cause I can freedom of speech", "fucking nigger". On 8/18/21, I contacted Det. Sgt. LaGuerre (Morris County Prosecutor's Office) and advised him of the video that Mr. Ellenwood posted on Instagram. Det. Sgt. LaGuerre was further advised that we were concerned about the potential unrest this incident may cause. I then forwarded the video to Det. Sgt. LaGuerre for review and documentation. A bias incident supplemental form was completed. Det. Sgt. LaGuerre further advised that the incident did not rise to bias intimidation.

On 8/20/21 Det. Morelli advised the undersigned that Jason Cleffi had come to headquarters and advised him of photocopied posts from Mr. Ellenwood Instagram account. I then contacted Jason Cleffi, to follow up on the Instagram posts that he provided to Det. Morelli. Jason Cleffi was advised that the Instagram posts were all screenshot taken on 8/17/21 and documented in the initial report.   He provided a screenshot that was not in the original report where Mr. Elmwood posted on his Instagram account "mr_str8money" encouraging individuals to go on Ajaco towing page and drop a fist or middle finger emoji. The Instagram post also references "go light his ass up"

(see below posting for further details)



Jason Cleffi wanted to make sure everything was documented which I assured him that it was in the initial report. During the phone conversation, Jason Cleffi was also worried about his safety and continuing harassment and his recourse. I advised Jason Cleffi that everything was documented and complaints can be filed with the courts. I further reiterated that if anything arises to contact the police to document the incident. In addition, Jason Cleffi wanted to speak with the Chief of Police with his attorney and wanted myself in the meeting. I advised Jason Cleffi that he needs to contact the Chief's Secretary to make an appointment to address his concerns. I provided the phone number so he could call the secretary. It should also be noted that during the conversation Jason Cleffi stated that he had surveillance video from the day of the incident depicting what had transpired. Jason Cleffi was concerned with Mr. Ellenwood making a hand gesture intimidating a gun in his hand towards his brother. I further advised Jason Cleffi to provide the video so we can further investigate his concerns.

On 8/26/2021 Det. Morelli responded to Ajaco Towing to review some of their concerns after having a brief conversation with myself. Det. Morelli arrived at Ajaco Towing and was briefed on the current events. Det. Morelli was then shown video of the day's event that occurred on 08/26/2021. Det. Morelli advised Jason Cleffi that surveillance video was needed to investigate further.

On 08/27/2021 Det. Cicala and I responded to Ajaco Towing. We were met by Jason Cleffi, Vincent Cleffi, and Paul Arden. I then advised them that I needed to see the video in question that they had that had more evidence of the currents events that took place on 8/16/21. After reviewing the video Barry Ellenwood was observed at the business prior to police arrival on the 16th of August for approximately 3 hours. During the 3 hours, Vincent Cleffi was very cordial and respectful to Mr. Ellenwood. Mr. Ellenwood was observed on video having a cordial conversation with Vincent Cleffi. Vincent Cleffi was trying to work with Mr. Ellenwood and at one point lowered the tow bill by two hundred dollars. In addition, prior to paying for the tow bill, Vincent Cleffi afforded him the opportunity to get his house key from the vehicle. It should be noted that Mr. Ellenwood was bartering the tow bill price and can be seen on video pulling out a stack of United States currency from his pockets and cash from within his underpants possibly underwear/boxers/shorts. While he is doing this, he is advising them that he doesn't have cash on him and needs to go to the bank. During his stay at the business, Mr. Ellenwood was observed mocking an overweight employee by asking him if he needs lunch and making inappropriate sexual innuendos towards a female worker at the business. It should be noted that Vincent Cleffi was very friendly and respectful towards Mr. Ellenwood. At approximately, 16:23 hours Mr. Ellenwood and Vincent Cleffi were involved in exchange of words. Mr. Ellenwood was provoking Vincent Cleffi and at one point during the video, Mr. Ellenwood was observed on video conducting a hand gesture multiple times towards Vincent Cleffi. Vincent Cleffi further advised that Mr. Ellenwood hand gesture appeared to be him simulating a hand gun. On video, it was very hard to depict if Mr. Ellenwood was gesturing a hand gun.

On 10/05/2021 I reviewed surveillance footage from Ajaco Towing regarding the allegation of a possible wiretap. I then reviewed the video provided. Mr. Ellenwood is observed on surveillance footage playing with his Apple iPhone. Subsequently, he then opens the camera on his Apple iPhone and is observed pressing the red record button. Mr. Ellenwood is observed looking at his phone multiple times and then observed placing it on a table located under the front window which was out of view. Mr. Ellenwood then grabs the phone from underneath the table and was then observed pulling another cell phone from inside his left pant pocket. Mr. Ellenwood is observed looking at the phone that is recording and then places both cell phones on the front window. He is then observed placing one cell phone on the table located underneath the exterior window. Subsequently, Mr. Ellenwood is then observed placing a call while constantly looking at the phone left on the table. He then proceeds to walk outside while talking on his cell phone. He then returns minutes later and was observed on surveillance video going to the front table and picks up the cell phone that he left behind and placed it in his hooded sweatshirt front pockets. Due to the possibility of a wiretap violation, the Morris County Prosecutor's Office was contacted.

On 11/10/21, I spoke with Assistant Prosecutor Taylor Sharofsky who was advised of my findings, and she stated that she would need to see the surveillance footage to make a determination. On 11/15/21, Det. Czajka dropped off the surveillance footage requested. On 11/19/21, I spoke with Assistant Prosecutor Taylor Sharofsky over her findings and it was deemed that it did not rise to the level of a wiretap.

In conclusion, after looking at all the surveillance footage and reports associated with this case, it was determined that Mr. Ellenwood was instigating and looking for an argument. Vincent Cleffi was very friendly and respectful towards Mr. Ellenwood and was provoked. Vincent Cleffi calling Mr. Ellenwood "nigger" was not a bias crime. I consider the case to be closed. If further information or evidence arises, I will reopen the case.

DSG. George Tsimpedes #447

12/9/2021

353

# Exhibit B



# LAW OFFICES OF
# ALAN R. ACKERMAN

November 12, 2021

<u>Via Certified Mail, RRR & Hand Delivery</u>
Township of Parsippany-Troy Hills
Attn: Mayor Michael A. Soriano
Attn: Town Clerk
Attn: Town Council
1001 Parsippany Blvd #1277
Parsippany, NJ 07054
     *Re:*    *Tort Claim Notice of AJACO Towing, Inc.*

Gentlemen:

     Annexed please find Tort Claim Notice filed by AJACO Towing, Inc. with regard to the actions set forth therein.

     Very truly yours,

     LAW OFFICES OF ALAN R. ACKERMAN

     BY:   ALAN R. ACKERMAN, ESQ.

ARA/bc
Enclosure

cc:    AJACO Towing, Inc.

---

Alan R. Ackerman, Esq.         T. (973) 898-1177         araesq@alanackermanlaw.com
Counsellor at Law           F. (973) 898-1230         1719 Route 10 East, Suite 104
Admitted NJ, NJ District Court                    Parsippany, NJ 07054
3rd Cir. Court of Appeals

Township of Parsippany-Troy Hills
Attn:   Mayor Michael A. Soriano
Attn:   Town Clerk
Attn:   Town Council
1001 Parsippany Blvd #1277
Parsippany, NJ 07054

## TORT CLAIM NOTICE OF AJACO TOWING, INC.

AJACO Towing, Inc. hereby makes and presents its claim against The Township of Parsippany-Troy Hills through you as its governing body, pursuant to and in accordance with the New Jersey Tort Claim Act.

1. Claimant's full name and post office address are: AJACO Towing, Inc., 1029 Edwards Road, Parsippany, New Jersey 07054.

2. All communications and notices should be given to Alan R. Ackerman, Esq., 1719 Route 10 East, Suite 104, Parsippany, New Jersey 07054, telephone no. (973) 898-1177, fax no. (973) 898-1230, and email address araesq@alanackermanlaw.com.

3. This claim arises from the following: see attached addendum.

4. The event referred to above caused injury to claimant generally as follows: see attached addendum resulting in the damage and loss delineated therein.

5. Claimant's injuries were proximately caused by the negligence and deliberate actions of various employees of the Township of Parsippany as set forth in the attached addendum and documentation previously supplied and referenced herein.

6. Relevant witnesses with knowledge as known to AJACO to date are Mayor Michael A. Soriano, Richard Pantina, Chief of Police, and others whose names shall be supplied when they become known to AJACO's representatives.

7. As of the date of this claim, claimant has suffered and sustained the following pecuniary loss and damage in the sum of $14,765,000.00 as delineated in the attached addendum.

8. By reason of the above, the undersigned claims $14,765,000.00.

I certify the foregoing statements made by me are true. If any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: November 12, 2021

ALAN R. ACKERMAN, ESQ.
Law Offices of Alan R. Ackerman
Attorney for AJACO Towing, Inc.
1719 Route 10 East, Suite 104
Parsippany, NJ 07054

## ADDENDUM TO AJACO TOWING, INC, TORT CLAIM NOTICE
## DATED NOVEMBER 12, 2021

This office is counsel to AJACO Towing, Inc. This correspondence is submitted as an addendum to the Tort Claim Notice which it accompanies and is based as a result of the damages and causes of actions sustained by the termination of my client's authority to tow vehicles for the Police rotation in the Township of Parsippany-Troy Hills resulting from an incident occurring on August 16, 2021 and thereafter, through present day violating AJACO's due process and rights as a victim of a crime. AJACO's damages also include a claim for libel and slander and interference with economic expectancy.

AJACO first became aware of Parsippany's wrongful termination of its towing contract with the Township of Parsippany when it received hand-delivered Correspondence from Richard Pantina, Acting Chief of Police dated August 18, 2021. The official notification advised AJACO Towing, Inc. that it was ". . . immediately removed from the Tow Service Rotation. . ." The decision of the Chief of Police was based upon an unrelated zoning matter and unsubstantiated social media accusing AJACO Towing, Inc. of uttering racially statements toward an individual, whose vehicle had been towed by AJACO Towing, Inc. and, at that time, was impounded awaiting payment of towing fees. It is now apparent that the decision was based upon an inaccurate report prior to a formal investigation. Astonishingly, prior to the official termination letter, the Acting Chief of Police knowingly ignored the fact that on August 17, 2021, the Morris County Prosecutor's Office found that the circumstances surrounding the incident at AJACO Towing Inc. did not rise to the level of a Bias Incident. During the alleged incident, the police on the scene knowingly stood down when the property owner pleaded at least 12 times to remove the predator from his property. Again, 45 minutes later the situation became escalated because the police knowingly stood down from protecting the rights of a 27-year-old business and or the property owner ,and failed to mention that they were there to investigate a suspicious bias incident. Moreover, in today's climate of "racial unrest" the acting Chief of Police knowingly ignored the key parts of the protocol that should be utilized when there is a suspicious bias incident.

Despite this fact, Parsippany Township failed to follow specific guidelines for suspicious bias incidents, where if the prosecutor finds that the circumstances do not rise to the level of a bias incident, a media press release is warranted and necessary to deescalate the situation and calm the community. Contrary to these specific guidelines and under the direction of the Mayor Michael Soriano, the Public Information Office knowingly released a knowingly false media statement that purposely escalated racism in the community at AJACO's expense by indicating that this was a racially motivated bias incident. AJACO's contract was terminated because "… the town does not condone racism." The press release escalated everyone's reaction. To say the least AJACO, its employees, family members were threatened, harassed and defamed. Instantly, the 27-year-old Goodwill of AJACO Towing, Inc. was destroyed by the mayor's actions, officially and in his individual capacity, intentionally used the company as tool for his own political gain to attempt to win the upcoming mayoral election (which he did not). Thereafter, the Parsippany Police were (and other police departments, where family members lived) were called upon at least 2 dozen times to handle criminal incident calls, including calls at AJACO for bomb threats.

As a result of the township of Parsippany's conduct which instantly decimated AJACO's Goodwill, it sustained damages exceeding Seven Million Dollars ($7,000,000.00).

On August 27, 2021, the Parsippany Police Department finally recognized that AJACO Towing Inc was a victim of crime(s). These crimes not only stemmed from the incident on August 16, 2021 but from the August 18th 2021 press release that the Mayor and his Public information Office knowingly released contrary to rules of conduct as specifically ordered by the NJ Attorney General (from April 5, 2019) in handling suspicious bias incidents. This utter failure and misuse of government resources is in direct defiance of police standards at the expense of AJACO. Thereafter the Mayor was privately given the opportunity by AJACO to meet and discuss the dire need of the town to retract the press release, but he did not. The Mayor specifically decided to double down by contacting national press outlets, political leaders inside and outside his campaign, and even went as far to making ethnic slurs in a public town council meeting on September 21, 2021 at AJACO and its employees. Moreover, it was determined that the Mayor has called the New Jersey State Police and Governor's Office to have a non-bas incident placed in the CPT Database of the New Jersey State Police, most likely because the Chief of Police decided not to partake in untruthful or fraudulent actions. The press release is currently online and must be redacted by the Public Information Office to mitigate ongoing damages that are compounding daily, since August 18, 2021.

As a result of the township of Parsippany's unwarranted actions and failure to redact the press release AJACO, my client has and will sustain irreparable damages at a rate of $10,000 per day, which will likely exceed in the amount of One Million Eight Hundred Thousand Dollars ($1,800,000.00) assuming it takes 6 months for the town to redact such statements.

The Towing/Record Service Application executed by Jason Cleffi on behalf of AJACO Towing, Inc. sets forth, at Paragraph 9, Page 2, states that any sanction imposed by the Chief of Police may be appealed to the Township Council but will not be stayed. Thereafter, on or about September 4 and September 21 2021, AJACO Towing, Inc. appeared at a public meeting of the Township of Parsippany-Troy Hills Council. Again, it gave notice that AJACO Towing, Inc. was appealing the decision of the Chief of Police, as is its right. Mayor Soriano immediately responded by stating "NO" and when asked for clarity he said that there will be no appeal. The actions of the Mayor and Township Council violated my client's substantive rights to due process, and a hearing on all of the facts giving rise to the removal of AJACO Towing, Inc.'s towing rotation list.

The permanent removal of AJACO Towing, Inc. without allowing an avenue for my client to seek exoneration at a public hearing before the Township Council has caused my client to suffer substantial monetary damages and embarrassment. The reason behind the removal is based upon an erroneous factual scenario, which ignores the predatory actions of the alleged victim who loitered on AJACO Towing, Inc.'s property for several hours while refusing to pay the towing bill. His actions precipitated a potentially dangerous and erroneous response from the Township of Parsippany-Troy Hills Police Department. While on site, the Parsippany-Troy Hills Police Department did not follow accepted police procedure to defuse a situation, which continued to escalate. The entire episode was not only caught on security cameras of AJACO Towing, Inc. but was also recorded by the alleged victim. The victim's recording was then edited to remove his predatory statements and alleged criminal acts. The edited video gave the appearance of an